UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR R. TIDWELL, | No. C 11-06393 DMR |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| U.S. DEPARTMENT OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAM, | |
| Defendant(s). | |

Plaintiff Arthur Tidwell, proceeding *pro se*, filed this action against Defendants Department of the Navy; Department of Labor; and Alexis Lara, whom Plaintiff sues in her official capacity as a Reconsideration Examiner in the Department of Labor's Office of Workers' Compensation Program ("OWCP"), to contest the denial of a benefit claim under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*. Defendants move to dismiss the suit on several grounds, including that the Court lacks subject matter jurisdiction over Plaintiff's claims. The court conducted a hearing on September 27, 2012. For the following reasons, the court grants Defendants' motion and dismisses this case.

**I. Background and Procedural History**

Plaintiff previously worked as an asphalt worker for the Department of the Navy in Oakland, California. (Compl. ¶ 18.) On or around April 12, 1990, he sustained injuries to his neck and left

shoulder and arm during the course of his employment. (Compl. ¶ 18.) He subsequently filed a workers' compensation claim pursuant to FECA with the Department of Labor's OWCP. (Compl. ¶ 18; Rios Decl. Attach A, July 6, 2012.) The OWCP accepted his claim for a sprained neck, intervertebral disc disorder with myelopathy, cervical region, and intervertebral disc disorder with myelopathy, thoracic region on August 4, 2010, (Rios Decl. Attach B), and he began receiving disability compensation, (*see* Rios Decl. Attach. C).

On February 6, 1992, the OWCP awarded Plaintiff a schedule award based upon a 4% permanent impairment for his left and right upper extremities. (Rios Decl. Attach F.) One week later, it awarded him an additional schedule award for an additional 25% permanent impairment to the left upper extremity, for a total 29% impairment. (Rios Decl. Attach. G.) On May 16, 1995, it awarded him a third schedule award based upon an additional 6% impairment to his right upper extremity. (Rios Decl. Attach. I.) On June 24, 1998, it awarded him a fourth schedule award based upon a 16% additional impairment of his right upper extremity. (Rios Decl. Attach. J.) He received a fifth schedule award on June 12, 2000 for an additional 4% impairment of the right upper extremity, for a total of 30%, and for an additional 3% impairment of the left upper extremity, for a total of 32%. (Rios Decl. Attach. K.)

On April 14, 2010, Plaintiff filed a claim for a sixth additional schedule award, (Rios Decl. Attach. L), which the OWCP denied on December 1, 2010 because "the evidence is not sufficient to establish that [he] sustained additional permanent impairment." (Rios Decl. Attach N; *accord* Compl. ¶ 19; *see also* Rios Decl. Attach M (medical examination of Plaintiff by Alan Kimelman, M.D.).) Plaintiff requested reconsideration of the decision on February 1, 2011, (Rios Decl. Attach. O), which the OWCP denied on February 24, 2012 because Plaintiff did "not provide[] sufficient evidence to warrant merit review." (Rios Decl. Attach. P at 3.)

Plaintiff filed this action on December 16, 2011 to contest the denial of his request for reconsideration and obtain redress for the consequent "injuries, damages, and inconveniences" that he suffered. (*See* Compl. ¶¶ 23-27.) He states the following causes of action against Defendants: (1) breach of fiduciary duty, (2) negligent misrepresentation, (3) violation of 42 U.S.C. § 1983, (4) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (5) violation of

Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.*, (6) violation of the Rehabilitation Act, 29 U.S.C. § 701, (7) waiting time penalties pursuant to California Labor Code §§ 201-203, (8) unfair business practices under California Business and Professions Code § 17200 *et seq.*, (9) negligent and intentional infliction of emotional distress, and (10) injunctive relief. (Compl. ¶¶ 28-72.)

Defendants now move to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c), [Docket Nos. 5, 20], and the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Legal Standard

A court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge, such as the motion at bar, asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). To successfully rebut a factual challenge in a motion to dismiss, the non-moving party "'must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *White v. Astrue*, No. 10-2124 CRB, 2011 WL 900289, at *3 (N.D. Cal. Mar. 15, 2011) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

### III. Analysis

FECA is a comprehensive and exclusive workers' compensation scheme for federal employees administered by the Secretary of Labor. *See* 5 U.S.C. § 8145. Under the program, "federal employees are compensated for injuries sustained during the performance of their duties," and the remedies provided "are exclusive of all other remedies against the United States for job-related injury." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993) (citing 5 U.S.C. § 8116(c)). Section 8116(c), FECA's exclusivity provision, "prohibits actions against the United States by an employee . . . to recover damages from the United States . . . because of the [employee's] injury or death." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193 (1983) (brackets and second ellipses in original) (quotation marks omitted). "In enacting this provision, Congress adopted the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* at 194 (citations omitted). Similarly, 5 U.S.C. § 8128(b) provides that "[t]he action of the Secretary [of Labor] or his designee in allowing or denying a payment under [FECA] is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by . . . a court by mandamus or otherwise." § 8128(b); *accord Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988); *see Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006) (holding that § 8128(b) "provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations").[1]

The court does not have subject matter jurisdiction to entertain Plaintiff's complaint. At the hearing, Plaintiff confirmed that the sole basis for his suit is to challenge adverse decisions made by the OWCP regarding his worker's compensation claims. Thus, although he characterizes his suit as arising out of federal and state statutory causes of action and common law torts, they all ultimately constitute challenges to his unfavorable FECA determination or attempts to recover damages from

---

[1] The courts have recognized two narrow exceptions to FECA's prohibition of judicial review: "to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." *Markham*, 434 F.3d at 1187 (citations omitted); *accord Staacke*, 841 F.2d at 281. Neither of these carve outs apply in the present case.

1 the government for his work-related injuries through non-FECA avenues. (*See, e.g.*, Compl. ¶¶ 28-
30 (alleging breach of fiduciary duty because Defendants "fail[ed] to maintain sufficient records
needed to make the right decision to approve Plaintiff [sic] schedule award and related benefit
compensation"), 31-34 (alleging that Defendants' negligent misrepresentations "caused Plaintiff to
be denied his schedule award"), 35-38 (alleging that "denial of Plaintiff's schedule award and related
benefit compensation" amounted to deprivation of his federal rights and property interests), 39-45
(alleging that Defendants' "denial of Plaintiff [sic] schedule award and related benefit compensation"
violated his rights under Americans with Disabilities Act), 46-50 (alleging that "Defendants'
decision to deny [Plaintiff's] schedule award and related benefit compensation" violated Michigan's
Persons with Disabilities Civil Rights Act), 51-56 (alleging violation of Rehabilitation Act due to
Plaintiff's being "denied and excluded from the benefits of [FECA]"), 57-60 (alleging that
Defendants' failure to approve Plaintiff's "schedule award and all accrued benefit compensation and
wages" violated California Labor Code § 202), 61-64 (alleging that Defendants engaged in unfair
business practices under California law when they refused to approve his FECA application), 65-68
(alleging that Defendants negligently and intentionally inflicted Plaintiff with emotional distress
when he suffered workplace injury), 69-72 (seeking injunctive relief from alleged harms suffered "as
a result of denial of [Plaintiff's] schedule award and related benefit compensation").) The court does
not have subject matter jurisdiction to hear such claims, §§ 8116(c), 8128(b), and therefore must
dismiss them with prejudice.

### IV. Conclusion

Because the Court has no subject matter jurisdiction over Plaintiff's claims, the court
GRANTS Defendants' motion to dismiss and DISMISSES this case.

IT IS SO ORDERED.

Dated: September 28, 2012



DONNA M. RYU
United States Magistrate Judge

5